UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
    IN RE:                                           : CASE NO.: 18-23391-shl
                                                             :
                                                             : CHAPTER: 13
    Michael J. Kraus,                                :
                                                             : HON. JUDGE.:
                                                             : Sean H. Lane
    Debtor.                                          :
                                                             :
                                                             :
                                                             :
                                                             :
-------------------------------------------------------------X

## ORDER CONDITIONALLY GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the Motion of SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Lodge Series III Trust (the "Movant"), dated March 9, 2020, with exhibits attached thereto, submitted in support of said application, with proof of service upon the Trustee, Debtor, Co-Debtor, Debtor's Attorney, and U.S. Trustee;

**NOW,** upon the motion of Friedman Vartolo, LLP attorneys for Movant, upon the consent of the Debtor and Debtor's Attorney, it is hereby:

**ORDERED,** that the motion of Movant is conditionally granted as set forth below, and it is further

**ORDERED,** that on or before October 15, 2020 the Debtor shall pay Movant an agreed upon amount of adequate protection monthly payments on his mortgage pending a sale of the property; as well as, remain current on the taxes and insurances associated with the property. In addition, the Debtor is to have 120 days, from the date this agreement is signed by the parties, to get under contract and then an additional 60 days, from the date of the contract of sale, to then complete the closing.

| DUE DATE | AMOUNT |
|---|---|
| May 20, 2020 | $1,000.00 |
| June 15, 2020 | $1,000.00 |
| July 15, 2020 | $1,000.00 |
| August 15, 2020 | $1,000.00 |
| September 15, 2020 | $1,000.00 |
| October 15, 2020 | $1,000.00; |

and said payments shall be in the form of certified funds and mailed to:

SN Servicing Corporation
PO Box 660820,
Dallas TX 75266

and it is further,

**ORDERED,** that the Debtor shall make timely regular monthly payments to Movant at the address listed above by the fifteenth (15th) day of each and every month, commencing with the May 15, 2020 payment; and it is further

**ORDERED,** that in the event the Debtor fails to tender any of the stipulation payments, or fails to keep current on the taxes and insurance, or fails to enter into a contract within the 120 day timeframe, or fails to close within the additional 60 day timeframe; and thereafter fails to cure the default within ten (10) days from the date of service of a written Notice of Default on the Debtor, Co-Debtor, and Debtor's Attorney, the Movant may file an Affirmation of Non-Compliance together with a proposed Ex-Parte Order Granting Relief from the Automatic Stay.  Upon issuance of the Ex-Parte Order, the Automatic Stay shall be deemed vacated with respect to the Movant, allowing the Movant, its agents, successors and/or assigns in interest to exercise all rights available to it under applicable state law with respect to the real property known  as  27 Valenza Lane, Blauvelt, New York 10913, (the "Property") and the Co-Debtor Stay shall be deemed terminated pursuant to 11 U.S.C. 1301(c)  so

Movant, its agents, successors and/or assigns in interest may take any and all action under applicable state law to exercise its remedies against the Property; and it is further

**ORDERED,** that in the event that three (3) Notices of Default have been sent to Debtor and Debtor's Attorney as a result of three defaults under this Order, the Movant may file an Affirmation of Non-Compliance together with a proposed Ex-Parte Order Granting Relief from the Automatic Stay. Upon issuance of the Ex-Parte Order, the Automatic Stay shall be deemed vacated with respect to the Movant, allowing the Movant, its agents, successors and/or assigns in interest to exercise all rights available to it under applicable state law to exercise its remedies against the Property and the Co-Debtor Stay shall be deemed terminated pursuant to 11 U.S.C. 1301(c) so Movant, its agents, successors and/or assigns in interest may take any and all action under applicable state law to exercise its remedies against the Property; and it is further

**ORDERED,** that in the event this case is converted to a case under any other chapter of the U.S. Bankruptcy Code, this Order will remain in full force and effect; and it is further

**ORDERED,** that the Movant shall promptly report and turn over to the Chapter 13 Trustee any surplus monies realized by any sale of the Property; and it is further

**ORDERED** that unless specifically provided in loan documents signed by the debtor, the Movant may not collect fees, expenses or other charges associated with a current or subsequent mortgage servicer.

By: _____/s/_____    Date: __May 18__, 2020
    Name: Benjamin M. Adams, Esq.
    Adams Law Group LLC
    Adams Law Group LLC
    98 Lafayette Avenue
    Suffern, NY 10901

By: __/s/Jonathan Schwalb__    Date: __May 18__, 2020

Jonathan Schwalb, Esq.
Attorney for Movant
85 Broad Street, Ste. 501
New York, NY 10004


Dated: September 14, 2020                           */s/ Sean H. Lane*
                                                    United States Bankruptcy Judge