# RETAINER AGREEMENT

This Agreement is made between **Michael J. Kraus**, (hereinafter "Client") and **Adams Law Group LLC** (hereinafter "ALG") on the date indicated below. Client hires ALG, and any attorneys, law clerks, paralegals, and legal assistants hired (either as employees or independent contractors) now or in the future by ALG to represent Client in the following capacity:

**File Chapter 13 Bankruptcy**

I. SCOPE OF REPRESENTATION

All of our services in this matter will end, unless otherwise agreed upon in writing, when there is a final agreement, settlement, decision or judgment by the court. Not included within the scope of our representation are appeals from any judgments or orders of the court. Appeals are subject to separate discussion and negotiation between ALG and you. Services that you may request of ALG in connection with any other matter are also not included under this Agreement. Services listed in Section II (B) below are also not included under this Agreement.

II. FEES, EXPENSES AND BILLING PRACTICE

A. Client shall be responsible for advancing all costs and expenses related to the instant matter. These include but are not limited to: filing fees, debt management courses, postage and delivery, recording fees, appraisals, title searches, court fees, process servers, witness fees, court reporters, credit/debit card processing fees, travel expense, parking, and photocopies normally made by me or requested by you. If attorney does advance any costs or expenses, they shall be paid for or reimbursed to me upon request of ALG.

B. Client acknowledges that ALG shall receive the sum of **$3,500.00** as its fee for this matter. Of this sum, **$00.00** must be prior to filing the petition. The fee is intended to cover the necessary components of a basic Chapter 13 bankruptcy including one (1) appearance at the meeting of creditors. Client understands that the fee does not include any of the following:

1. Representing the Client in Loss Mitigation;
2. Representing the Client in any contested matter, adversary proceeding, or dischargeability proceeding;
3. Representing the Client in student loan discharge proceedings;
4. Any and all motion practice including but not limited to, motions to avoid a lien or judgment, continue the Automatic Stay, continue the 341 meeting of creditors, redeem exempt property, oppose a motion to lift the automatic stay, abandon property, or any motion related to enforcement;

5. Representing the Client in any action to enforce the Discharge injunction or enforce the Automatic Stay;

6. Representing the Client in any contested matter regarding the Debtor's claim of exempt property;

7. Filing any amendments to the Schedules unless the need for the amendment arises solely out of a mistake by the ALG;

8. Appeals to the Bankruptcy Appellate Panel, United States District Court, United States Court of Appeals, or the United States Supreme Court;

9. Negotiations with creditors or claimants;

10. Additional appearances at continuations of the Meeting of Creditors beyond the first appearance;

11. Appearances or representation related to a 2004 Examination;

12. Objections to claims;

13. Audits by the U.S. Trustee;

14. Representation of the Client in any capacity that is not customarily included in a basic bankruptcy matter.

C. In the event that representation not covered by this Agreement is required, then Client will be billed at the following rates:

1. $350.00 per hour for the services of Benjamin M. Adams;

2. $250.00 per hour for the services of any other attorney working on this matter on behalf of Adams Law Group;

3. $90.00 per hour for the services of any paralegal working on this matter on behalf of Adams Law Group;

D. Our hourly fee structure is intended to operate as follows:

1. You will be billed at the designated hourly rate for any time an attorney or paralegal works on your file including travel time. Time shall be billed in increments of one-tenth (1/10) or (.1) of an hour except for court and conference appearances which shall be billed in increments of one (1) hour with a two (2) hour minimum. Travel time shall count toward said two (2) hour minimum. Travel time may be billed either normally or at a reduced rate and/or may be capped, all at the discretion of ALG. If and when a retainer is depleted, Client agrees to advance further funds prior to ALG continuing its representation.  Client agrees to pay a $100.00 fee (plus any bank service charges) for

any unpaid checks. Bills not paid within thirty (30) days will be charged a late charge of eighteen (18%) per year.

2. If there is a minimum fee and our relationship is terminated in less time than would be required to expend the minimum fee on the basis of time alone, without your matter having been concluded by settlement or judicial action, then we shall not retain the entire minimum fee if retaining same is prohibited. In that event a fair and reasonable fee will be determined in accordance with legally accepted standards and only such portion of the minimum fee as represents such fair and reasonable fee would be retained. The elements of a reasonable fee are set forth in DR 2-106 of the Lawyer's Code of Professional Responsibility, a copy of which provision will be furnished to you upon request.

3. Billing statements will be run at the discretion of ALG or at the request of Client.

III. CLIENT COOPERATION

Client agrees to read all documents carefully before signing them. Client further agrees to cooperate with ALG by being present and on-time to all scheduled appointments, meetings, hearings, or court-related matters. Client further agrees to provide documents requested by ALG and shall promptly inform ALG of any change in address, phone number or email address.

IV. ARBITRATION

In the event that a dispute arises between us relating to our fees on a New York State matter, you may have the right to arbitration of the dispute pursuant to Part 137 of the Rules of the Chief Administrator of the Courts, a copy of which will be provided to you upon request.

V. NON-DISCHARGEABLE DEBTS

A. Client understands that certain debts cannot be discharged in bankruptcy. Client agrees that Client is still liable to repay any debt not discharged in Client's bankruptcy. Client understands that the debts listed below are common examples of the types of debts that cannot be discharged in bankruptcy.

1. Certain types of taxes, custom duties, or debts to pay taxes or custom duties;
2. Student loans;
3. Debts owed for spousal or child support;
4. Debts owed to the spouse, former spouse, or child in a domestic relations proceeding;
5. Debts arising from a previous bankruptcy wherein discharge of that particular debt was waived;

    6. Debts owed for money, property, services, extension-or-removal, or refinancing of credit, if obtained by false pretenses, or false representations, or actual fraud;

    7. Consumer debts for luxury goods obtained within ninety (90) days of the date of filing of the bankruptcy petition;

    8. Cash advances obtained within seventy (70) days of the date of the filing of the bankruptcy petition;

    9. Debts owed for fraud or defalcation while acting in a fiduciary capacity, or embezzlement or larceny;

    10. Debts owed for fines, penalties, or forfeitures payable to and for the benefit of governmental entity;

    11. Debts owed for death or personal injury arising from the operation of a motor vehicle, boat, or aircraft while intoxicated by drugs or alcohol;.

B. Client further understands that the list of non-dischargeable debts may be expanded by legislation or court decisions and Attorney has no control over the type of debts that may be or become non-dischargeable.

VI. GENERAL

A. Client understands that Benjamin M. Adams is admitted to practice in the following jurisdictions only: New York State, Southern District of New York, Eastern District of New York, District of Columbia Bar. In any matter outside these jurisdictions, Mr. Adams will not serve as the attorney of record, and the attorney of record will be another attorney with ALG admitted to practice in the jurisdiction.

B. Client understands that this Agreement may not be modified unless done in writing and signed by both client and ALG. Client further understands that this Agreement applies to this case only, and not to any other cases or legal issues.

C. Client is aware of the hazards of litigation and that there is no assurance or guarantee of the outcome of this matter.

D. Client authorizes ALG to request a copy of Client's credit report(s).

E. If client fails to so cooperate, or otherwise perform under this Agreement, ALG may withdraw from representation.

F. Client acknowledges the following requirements:

1. Client must complete pre-petition credit counseling before the bankruptcy petition can be filed;
2. Client must bring their original social security card and government issued idea to any and all creditor meetings;
3. Client must make monthly Plan payments to the Chapter 13 Trustee;
4. Client must complete post-petition counseling after the bankruptcy petition is filed and within the time frame allowed by statute.

G. Client authorizes ALG has the right to bring in other lawyers to work on this case. Client authorizes all attorneys, law clerks, paralegals, legal assistants and/or independent contractors to work on this case.

H. Client acknowledges that client has reviewed with client the Statement of Client Rights.

VII. TERMINATION

Client may terminate this Agreement in writing for any reason at any time, but Client shall remain responsible for any bill for costs or services through termination. Upon written request of client, ALG shall promptly return client's file to client.

**Understood and Agreed to:**

_[signature]_   Sept 9, 2020
Client                  Date                              Client                  Date

**Adams Law Group LLC**

_[signature]_
By: Benjamin M. Adams, Esq.